**FILED**

JUL 1 8 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# United States District Court
## FOR THE DISTRICT OF COLUMBIA

Lester R. Ramer
Mary L. Ramer
11717 Stage Coach Road
Gravette, Arkansas 72736
479 787 5270

       **Plaintiff(s),**

v.

United States Government

       **Defendant.**

Case No.

Jury Trial Demanded

CASE NUMBER  1:06CV01276

JUDGE: Reggie B. Walton

DECK TYPE: Pro se General Civil

DATE STAMP: 07/18/2006

JURY ACTION

## VERIFIED COMPLAINT, PETITION, AND CLAIM FOR DAMAGES
## IN THE NATURE OF A COMPLAINT, PETITION, AND CLAIM
## FOR DAMAGES UNDER THE AUTHORITY OF 26 U.S.C. § 7433[1]

### I
### INTRODUCTION

1.    This Honorable Court has subject matter jurisdiction of these proceedings pursuant to

26 U.S.C. §7433, and derives its rights pursuant to Article III of the Constitution of the

United States and Title 28 of the United States Code, as interpreted by <u>Nguyen v.</u>

<u>United States</u>, 539 U.S. 69 (2003), and by virtue of sufficient pleadings clearly setting

forth the right, title and claim of the plaintiff(s). Lester R. Ramer, Mary L. Ramer

---

[1] Pursuant to the terms of 26 USC 7433(a) plaintiff is instructed to sue the United States (Government). The Internal Revenue Service is not a party to this action, thus service upon the IRS is not required. This is not an action requesting declaratory judgement, refund of taxes under 26 USC 7422 or an action for injunctive relief. As set forth herein, this is an action for damages because the IRS disregarded and continues to disregard certain sectionsof the IRS Code while engaged in collection activity regarding plaintiff(s).



plaintiff(s), is/are (a) Citizen(s) of Arkansas, a "State in this Union," (Art. IV § 4, United States Constitution), and is/are neither employed by, nor personnel of, the United States government Inc., (Art. II, United States Constitution). Defendant through principals, officers, agents, and/or employees of the Internal Revenue Service, beginning with "tax year" 1997 and continuing to the present disregarded and continues to disregard provisions of Title 26 United States Code and the regulations promulgated thereunder with intent to defeat the application thereof as set forth below.

## II
## JURISDICTION AND VENUE

1.     This court is empowered with subject matter jurisdiction to evaluate the pleadings of plaintiff(s) under informal, relaxed and less restrictive guidelines than ordinarily affords litigants in United States District Courts, especially *pro se* litigants. *See* Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652.

2.     This court cannot be deprived of subject matter jurisdiction because this action is procedurally proper, places threshold fact issues before this Court and is brought to recover damages from defendant because defendant through principals, officers, agents, and/or employees of the Internal Revenue Service disregarded and continues to disregard provisions of Title 26 United States Code and the regulations promulgated thereunder with intent to defeat the application thereof and in doing so has, through its correspondence, demonstrated bias and articulated a very clear position in connection with the collection of federal tax which such principals, officers, agents, and/or employees of the Internal Revenue Service have demonstrated they are unwilling to reconsider;

3.    Venue is proper in the United States District Court for the District of Columbia, (26 USC §7433). The District of Columbia is the permanent seat of defendant, the United States Government, pursuant to Title 4, United States Code, § 71, 61 Stat. 643. "The Office of the Secretary" is required to be exercised in the seat of government, pursuant to Title 4, United States Code, § 72, 61 Stat. 643, and is so exercised at 1500 Pennsylvania. Ave. N.W., Washington D.C.

4.    Pursuant to Rule 12(b)(6)[2], FED.R.Civ.P., plaintiff(s) herein state(s) threshold issues upon which relief may be granted and must be tried to a trier of fact, See Turner v. United States, _ F. Supp.2d _, _ 2006 WL 1071852, *3-4 (D.D.C. 2006) (finding, based on Arbaugh v. Y & H Corp., 126 S.Ct. 1235, 1242 (2006); Pro Se litigant's petition cannot be dismissed for failure to state a claim upon which relief can be granted. See Haines v. Kerner, 404 U.S., 92 S. Ct. 594, 30 L. Ed. 2d 652;

### III
### JURISDICTIONAL CONSIDERATIONS

1.    Pursuant to the terms set forth in Title 26 USC §7433, Title 26 USC § 7433 is plaintiff's exclusive remedy for obtaining damages for the unlawful activity "in connection with" collection, conducted by defendant's agency.

2.    Title 26 USC §7433 requires exhaustion of administrative remedies.

---

[2] Two decisions of the 9th circuit court of appeals are pertinent in their teachings and applicability here. Huff v United States, 10 F3d 1440 (9th Cir. 1993) and Mulvania v U.S. 214 BR (9th Cir 1997). Each of these 9th Cir decisions make it clear that in order to properly discharge his statutory obligation under 26 USC 6203 of the IRS Code and Sec. 301.6203-1 of the Treasury Regulations, the Commissioner must issue to the requesting tax payer a summary record of assessment (form 23C) signed by a duly appointed assessment officer in order to properly validate an assessment of a tax.

Although plaintiff(s) has/have made demand upon the Commissioner these documents have not been issued to plaintiff(s).

In addition plaintiff(s) would emphasize to the Court that the decision in Huff and Mulvania (supra) also make it abundantly clear that when the question of a properly validated assessment of tax is raised by a taxpayer an important question of fact is presented to the court which may not be cavalierly brushed aside by way of a Rule 12(b)(6) motion to dismiss or by way of summary judgement .Absent an assessment, NO TAX EXISTS. Rosenman v. Commissioner, 323 US 658 (1945) (a tax does not exist absent an assessment)

3.    The Court of Appeals for the District of Columbia Circuit has recently clarified that

"jurisdictional exhaustion" may not be excused.  Spinelli v. Goss, ___ F. 3d. _____,

D.C. Circuit No. 05-5270  (DC No. 00cv00408), (May 5, 2006), citing *McCarthy v.*

*Madigan*, 503 U.S. 140, and *Avocados Plus Inc. v. Veneman*, 370 F.3d 1243, 1247

(D.C. Cir. 2004) (internal quotation marks omitted).

4.    The United States Supreme Court has has recently held:

> [W]hen Congress does not rank a statutory limitation on coverage as
> jurisdictional, courts should treat the restriction as nonjurisdictional in
> character.  Arbaugh v. Y & H Corp., 126 S.Ct. 1235, 1244

5.    This Court has recognized that the issue of exhaustion of the administrative remedy

is nonjurisdictional. Turner v. United States, _ F. Supp.2d _, _ 2006 WL 1071852,

*3-4 (D.D.C. 2006) (finding, based on Arbaugh v. Y & H Corp., 126 S.Ct. 1235,

1242 (2006), (MEMORANDUM OPINION, p.7).

6.    This Court has further recognized that an exception to the exhaustion of the

administrative remedy is found where "An adverse decision can also be certain if an

agency has articulated a very clear position on the issue which it has demonstrated it

would be unwilling to reconsider." Randolph-Sheppard Vendors of Am. v.

Weinberger, 795 F.2d 90, 105 (D.C. Cir. 1986) (citing Etelson v. Office of Pers.

Mgmt., 684 F.2d 918, 925 (D.C. Cir. 1982).

7.    The Court of Appeals for the Ninth Circuit made it abundantly clear that when the

question of a properly validated assessment of tax is raised by a taxpayer an

important question of fact is presented to the court which may not be cavalierly

brushed aside by way of a Rule 12(b)(6) motion to dismiss or by way of summary

judgement. Absent an assessment, NO TAX EXISTS. Rosenman v.

Commissioner, 323 US 658 (1945) (a tax does not exist absent an assessment) .

8.    This Court has recognized that when threshold facts are raised in a complaint such

facts must be tried to the trier of fact. Turner, supra..

9.    Issues such as exhaustion of administrative remedies, bias on the part of the IRS,

the existence of an assessment are threshold issues that must be tried to the trier of

fact.

## IV.
## STATEMENT OF FACTS

1.    Defendants' agency has sent voluminous correspondence to plaintiff(s) in which

each and every piece of correspondence is a final agency action that articulates a

very clear position that the IRS is unwilling to reconsider[3], exhibiting bias.

2.    To show that IRS "has articulated a very clear position on an issue which it has

demonstrated it would be unwilling to reconsider", exhibiting bias, the Court's

attention is respectfully directed to Exhibits A through G; government evidence

showing that defendant's agency has not, in the 8 years since 26 USC § 7433 was

last amended, made any monetary settlement.

3.    Plaintiff(s) has/have commenced this action within two (2) years after the date on

which the right of this action accrued.

4.    The IRS has sent numerous letters to the plaintiff each alleging a different amount in

dispute. Thus the amount in dispute cannot be completely and accurately

---

[3] The attached correspondence is provided solely to demonstrate that the defendants' agency has articulated a position that
is a final agency action that defendants' agency is unwilling to reconsider and for no other purpose.

ascertained at this time, but will be more fully known after the completion of

discovery.

# V
# COMPLAINT[4]

COUNT 1

Beginning with "tax year" 1997 through and including the present year defendant,

through principals, officers, agents, and/or employees of the Internal Revenue Service

disregarded 26 C.F.R. §601.702(c) with intent to defeat the application thereof by failing to

answer correspondence of the plaintiff(s) within 10 days. By its silence the IRS "has articulated

a very clear position on an issue which it has demonstrated it would be unwilling to reconsider",

showing bias.

COUNT 2

Beginning with "tax year" 1997 through and including the present year defendant,

through principals, officers, agents, and/or employees of the Internal Revenue Service, have

sent plaintiff a continuing series of collection letters.  Plaintiff(s) has responded to the

aforementioned collection letters requesting documentation under tax records law, federal

records law, federal records access law and their respective regulations, to support the position

taken in the aforementioned collection letters. By agency action, Internal Revenue Service has

demonstrated that such supporting documentation is lacking. The aforementioned collections

letters are final agency actions that articulate a very clear position that the IRS is unwilling to

reconsider, showing bias.

---

[4] This listing is not inclusive.  There may be other provisions of Title 26 and its regulations that plaintiff(s) is/are not aware of
which have been disregarded.

Internal Revenue Service disregarded 26 U.S.C §6103(e) with intent to defeat the application thereof by refusing to disclose Plaintiff(s) income tax return information to Plaintiff(s). The aforementioned refusal is a final agency action that articulates a very clear position that the IRS is unwilling to reconsider, showing bias.

COUNT 3

Beginning with "tax year" 1997 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service disregarded 26 U.S.C §6103(a) with intent to defeat the application thereof by disclosing confidential income tax return information to persons not statutorily authorized to receive such information. The aforementioned unauthorized disclosures are final agency actions that articulate a very clear position that the IRS is unwilling to reconsider, showing bias.

COUNT 4

Beginning with "tax year" 1997 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service disregarded 26 U.S.C §6201(a) with intent to defeat the application thereof by failing to make any assessment whatsoever of the taxes and penalties, whatsoever, for any of the aforementioned years plaintiff(s) allegedly owe(s). The aforementioned procedural failures are final agency actions that articulate a very clear position that the IRS is unwilling to reconsider, showing bias.

COUNT 5

Beginning with "tax year" 1997 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service

disregarded 26 U.S.C § 6202 with intent to defeat the application thereof by failing to make an assessment of the taxes and penalties, whatsoever, for any of the aforementioned years plaintiff(s) allegedly owe(s), within the time and mode set forth by the secretary. The aforementioned procedural failures are final agency actions that articulate a very clear position that the IRS is unwilling to reconsider, showing bias.

COUNT 6

Beginning with "tax year" 1997 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service disregarded 26 U.S.C. §6501(a) with intent to defeat the application thereof by neglecting to assess taxes owed within three years. The aforementioned procedural failures are final agency actions that articulate a very clear position that the IRS is unwilling to reconsider, showing bias.

COUNT 7

Beginning with "tax year" 1997 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service disregarded 26 U.S.C. §6203 with intent to defeat the application thereof by failing to record an assessment of the taxes and penalties, whatsoever, for any of the aforementioned years plaintiff(s) allegedly owe(s). The aforementioned procedural failures are final agency actions that articulate a very clear position that the IRS is unwilling to reconsider, showing bias.

COUNT 8

Beginning with "tax year" 1997 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service disregarded 26 U.S.C. §6203 with intent to defeat the application thereof by failing to furnish

plaintiff(s) copies of the records of assessment (forms 23C) of taxes and penalties for any of the aforementioned years upon plaintiff(s) request (there is no statutory authority to substitute any other form for a form 23c). Plaintiff(s) has/have requested copies of all of the aforementioned assessment records for all of the aforementioned years. Plaintiff(s) has/have not received any response of any kind. The aforementioned failures to produce records are final agency actions that articulate a very clear position that the IRS is unwilling to reconsider, showing bias.

COUNT 9

Beginning with "tax year" 1997 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service disregarded 26 U.S.C. §7214(a) with intent to defeat the application thereof by attempting and continuing to attempt to collect sums greater than appear on [the non-existing] records of assessment of taxes and penalties for any of the aforementioned years. The aforementioned actions are final agency actions that articulate a very clear position that the IRS is unwilling to reconsider, showing bias.

COUNT 10

Beginning with "tax year" 1997 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service disregarded 26 U.S.C. §6402 with intent to defeat the application thereof by failing to return all unlawfully collected taxes to plaintiff(s). The aforementioned procedural failures are final agency actions that articulate a very clear position that the IRS is unwilling to reconsider, showing bias.

COUNT 11

Beginning with "tax year" 1997 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service disregarded 26 U.S.C. §6212 with intent to defeat the application thereof by failing to send plaintiff(s) a notice of deficiency (90 day letter) for each of the aforementioned years. The aforementioned procedural failures are final agency actions that articulate a very clear position that the IRS is unwilling to reconsider, showing bias.

COUNT 12

Beginning with "tax year" 1997 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service disregarded 26 U.S.C. §6213(a) with intent to defeat the application thereof by failing to notice plaintiff(s) of the last date on which plaintiff(s) could file a petition to the Tax Court for each of the aforementioned years. The aforementioned procedural failures are final agency actions that articulate a very clear position that the IRS is unwilling to reconsider, showing bias.

COUNT 13

Beginning with "tax year" 1997 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service disregarded 26 U.S.C. §6320 with intent to defeat the application thereof by failing to notify plaintiff(s) of the filing of a notice of lien for each of the aforementioned years. The aforementioned procedural failures are final agency actions that articulate a very clear position that the IRS is unwilling to reconsider, showing bias.

COUNT 14

Beginning with "tax year" 1997 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service disregarded 26 U.S.C. §6321 with intent to defeat the application thereof by filing an invalid and unlawful Notice of Federal Tax Lien against plaintiff(s) for each of the aforementioned years. The aforementioned procedural failures are final agency actions that articulate a very clear position that the IRS is unwilling to reconsider, showing bias.

COUNT 15

Beginning with "tax year" 1997 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service disregarded 26 U.S.C. §6325 with intent to defeat the application thereof by failing to release the aforementioned lien(s) when it became obvious that said lien(s) was/were invalid and unlawful. The aforementioned procedural failures are final agency actions that articulate a very clear position that the IRS is unwilling to reconsider, showing bias.

COUNT 16

Beginning with "tax year" 1997 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service disregarded 26 U.S.C. §6404(g) with intent to defeat the application thereof by failing to suspend interest and penalties for reason that defendant has not specifically stated the amount of, and the basis for the liability defendant says plaintiff(s) owe(s) for each of the aforementioned years. The aforementioned procedural failures are final agency actions that articulate a very clear position that the IRS is unwilling to reconsider, showing bias.

COUNT 17

Beginning with "tax year" 1997 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service disregarded 26 U.S.C. §6751(a) with intent to defeat the application thereof by failing to include in each notice imposing a penalty (1) the name of the penalty, (2) the Code section authorizing the penalty, and (3) an actual computation of the penalty. The aforementioned procedural failures are final agency actions that articulate a very clear position that the IRS is unwilling to reconsider, showing bias.

COUNT 18

Beginning with "tax year" 1997 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service disregarded 26 U.S.C. §6751(b)(1) with intent to defeat the application thereof by failing to verify that a supervisor had personally approved, in writing, each initial penalty determination. The aforementioned procedural failures are final agency actions that articulate a very clear position that the IRS is unwilling to reconsider, showing bias.

COUNT 19

Beginning with "tax year" 1997 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service disregarded 26 U.S.C. §7491(c) by refusing to produce any evidence with respect to the imposition of each penalty and additions. The aforementioned procedural failures are final agency actions that articulate a very clear position that the IRS is unwilling to reconsider, showing bias.

COUNT 20

Beginning with "tax year" 1997 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service disregarded 26 U.S.C. §7602(a) with intent to defeat the application thereof by conducting a presumed financial status audit for each of the aforementioned years. The aforementioned prohibited actions are final agency actions that articulate a very clear position that the IRS is unwilling to reconsider, showing bias.

COUNT 21

Beginning with "tax year" 1997 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service disregarded 26 U.S.C. §7491(b) with intent to defeat the application thereof by refusing to prove items of income which were reconstructed solely through the use of statistical information on unrelated taxpayers for each of the aforementioned years. The aforementioned procedural failures are final agency actions that articulate a very clear position that the IRS is unwilling to reconsider, showing bias.

COUNT 22

Beginning with "tax year" 1997 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service disregarded 26 U.S.C. §6331(a) with intent to defeat the application thereof by failing to send plaintiff(s) a  ten (10) day demand for payment before issuing a levy for each of the aforementioned years. The aforementioned procedural failures are final agency actions that articulate a very clear position that the IRS is unwilling to reconsider, showing bias.

COUNT 23

Beginning with "tax year" 1997 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service disregarded 26 U.S.C. §6331(d)(1)(2) with intent to defeat the application thereof by failing to send the plaintiff(s) a thirty (30) day notice for each of the aforementioned years. The aforementioned procedural failures are final agency actions that articulate a very clear position that the IRS is unwilling to reconsider, showing bias.

COUNT 24

Beginning with "tax year" 1997 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service disregarded 26 U.S.C. §6321 with intent to defeat the application thereof by filing of an invalid and unlawful Notice of Tax Levy on plaintiff(s) wages, bank account, & etc.    The aforementioned procedural failures are final agency actions that articulate a very clear position that the IRS is unwilling to reconsider, showing bias.

COUNT 25

Beginning with "tax year" 1997 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service disregarded 26 U.S.C. §6334 with intent to defeat the application thereof by seizing personal belongings including bank deposits, retirement income, investments, etc., over the statutorily prescribed limit. The aforementioned prohibited actions are final agency actions that articulate a very clear position that the IRS is unwilling to reconsider, showing bias.

COUNT 26

Beginning with "tax year" 1997 through and including the present year defendant,

through principals, officers, agents, and/or employees of the Internal Revenue Service disregarded 26 U.S.C. §6343(b) with intent to defeat the application thereof by refusing to relax a levy after determination that the total sum of taxes was not collectible. The aforementioned procedural failures are final agency actions that articulate a very clear position that the IRS is unwilling to reconsider, showing bias.

COUNT 27

Beginning with "tax year" 1997 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service disregarded 26 U.S.C. §6330(a) with intent to defeat the application thereof by failing to provide plaintiff(s) with notice of a right to an impartial hearing before issuing a notice of lien and/or levy and/or other agency action for each of the aforementioned years. The aforementioned procedural failures are final agency actions that articulate a very clear position that the IRS is unwilling to reconsider, showing bias.

COUNT 28

Beginning with "tax year" 1997 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service disregarded 26 U.S.C. §7123(b)(1) with intent to defeat the application thereof by failing to provide plaintiff(s) with non-binding mediation before issuing a notice of lien and/or levy and/or other agency action for each of the aforementioned years. The aforementioned procedural failures are final agency actions that articulate a very clear position that the IRS is unwilling to reconsider, showing bias.

COUNT 29

Beginning with "tax year" 1997 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service disregarded 26 U.S.C. §6159 with intent to defeat the application thereof by abrogating plaintiff(s) guaranteed availability of an installment agreement. The aforementioned procedural failures are final agency actions that articulate a very clear position that the IRS is unwilling to reconsider, showing bias.

COUNT 30

Beginning with "tax year" 1997 through and including the present year defendant, through principals, officers, agents, and/or employees of the Internal Revenue Service disregarded 26 U.S.C. §7602(c) with intent to defeat the application thereof by failing to provide reasonable notice to plaintiff(s) that IRS employees were contacting third parties regarding taxes plaintiff(s) allegedly owe. The aforementioned prohibited actions are final agency actions that articulate a very clear position that the IRS is unwilling to reconsider, showing bias.

## VI
## Legal Authority

1.  Section 7433 of the Internal Revenue Code provides "taxpayers" with a cause of action for damages against the United States when, "in connection with" the collection of any federal tax where IRS principals, officers, agents, , and/or employees willfully, recklessly, intentionally or by reason of negligence disregard any provision of Title 26 United States Code and the regulations promulgated thereunder.

2.  Before sums deposited in respect of a "presumed taxpayer" can be converted to use by the United States Treasury, the "taxpayer" must be assessed. The term "assessment" has a technical meaning binding on a court and on the government. United States v.

Miller, 318 F.2d 637, (7th Cir. 1963); See also <u>Davis v Strople</u> (Fla) 39 So 2d 468;

People ex rel. <u>Mayfield v Springfield</u>, 16 Ill 2d 609, 158 NE2d 582;, 77 Ohio St 311, 83

NE 392; <u>Morissette v United States</u>, 342 US 246; 96 L.Ed. 288; 72 S. St 240; <u>Case</u>

<u>v Los Angeles Lumber Products Co</u>. 308 US 106, 84 L Ed 110, 60 S Ct 1, reh den 308

US 637, 84 L Ed 529, 60 S Ct 258.

3.    The assessment process regarding federal income taxes is a matter controlled by

statutes and regulation; **IT IS NOT POSSIBLE FOR A "TAXPAYER" TO MAKE AN**

**ASSESSMENT**. 26 C.F.R. §§ 301.6201-1 and 301.6203-1; <u>Girard Trust Bank v.</u>

<u>United States</u>, 643 F.2d 725 (Ct.Cl. 1981).

4.    The *Internal Revenue Code* articulates clearly what an "assessment" is and the *Code*

clearly defines the form which is to be completed for an assessment. In the 1954 and

1986 Internal Revenue Codes, § 6201(a) authorizes the Secretary of the Treasury to

make assessments.

5.    The method of recording an administrative act such as an assessment is governed by

§ 6203, which provides:

> The assessment shall be made by recording the liability of the taxpayer
> in the office of the Secretary in accordance with rules or regulations
> prescribed by the Secretary. <u>Upon request of the taxpayer</u>, the Secretary
> shall furnish the taxpayer a copy of the record of assessment (emphasis
> added).

6     "The term 'Secretary' means the Secretary of the Treasury or his delegate." 26 U.S.C.

§ 7701(a)(11)(B).

7.    The specific tax regulation concerning the assessment process is 26 C.F.R. §

301.6203-1 which reads in pertinent part:

[T]he director of the regional service center shall appoint one or more assessment officers. The assessment shall be made by an assessment officer signing the summary record of the assessment. The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment. The amount of the assessment shall, in the case of tax shown on a return by the taxpayer, be the amount so shown, and in all other cases the amount of the assessment shall be the amount shown on the supporting list or record. See United States v. Coson, 286 F.2d 453 (9th Cir. 1961); Kurio v. United States, 281 F. Supp. 252 (D.C.Tex. 1968); Heck v. Walters, 523 F.2d 23 (C.A. Cal. 1975); United States v. Taylor, 305 F.2d 183 (4th Cir.), cert. denied, 371 U.S. 894 (1962).

There can be no dispute that the assessment list is the supporting record and

is absolutely essential before an assessment can be made. The regulation references

a signed document and is consistent with the supporting statute which provides that the

taxpayer is entitled to a copy reference to which implies that a hard copy exists.

8.  By the Internal Revenue Service's own admission in its IR Manual [5312(1), MT 5300-1

(11-15-85)], the assessment lists support the assessment certificate:

> The foregoing statement from the IR Manual is a party admission that an assessment list must exist. See United States v. Van Griffin, 874 F.2d 634, 638 (9th Cir. 1989) (Government manuals are admissible as party admissions under Fed.R.Evid. 801(d)(2)(D)).

9.  In addition to the above IRM provision which proves that Form 23-C is the assessment

form, established decisional authority also reveals that a tax assessment is made upon

Form 23-C. For example, in Meyersdale Fuel Co. v. United States, 44 F.2d 437, 443

(Ct.Cl. 1930), Form 23-C is mentioned: When the Commissioner of Internal Revenue

makes an assessment of taxes, he signs a list entitled "Commissioner's assessment

list" on Form 23C-1.

10.  In Brafman v. United States, 384 F.2d 863 (5th Cir. 1967), the procedure for the

execution of a tax assessment on a Form 23-C was articulated. In *Brafman*, the

government sought to attach liability for unpaid estate taxes to an heir of that estate

under a transferee liability theory. But, Mrs. Brafman argued that she was not so liable

because the assessment certificate relevant in that case was unsigned. In agreeing

with that argument and holding the certificate at issue void, the court stated:

> The assessment certificate involved in this case, a photostated [sic] copy
> of which is in the record, is not signed by an assessment officer or by
> any other official ... Since the certificate lacks the requisite signature, it
> cannot constitute a valid assessment. Id. at 865-66.

> Even the instructions on the reverse side of the assessment certificate,
> Form 23-C, specify that the original form "is to be transmitted to the
> District Director for signature, after which it will be returned to the
> Accounting Branch for permanent filing." Id. at 866.

> What is important in any case is that the assessment is not automatic
> upon recordation; **it requires the action of an assessment officer**.
> That action, as defined explicitly in the Treasury Regulations, is the
> signing of the certificate. Id. at 867. See also Stallard v. United States,
> 806 F.Supp. 152, 158 (W.D.Tex. 1992) (Defendant submitted a "Form
> 23C," which it asserts is a summary record of assessment.) See also
> Robinson v. United States, 920 F.2d 1157 (3rd Cir. 1990).

11.    Merely demanding payment for a tax, even repeatedly, does not cause liability. Bothke

v. Fluor Engineers and Constructors, Inc., 713 F.2d 1405 (1983).

12.    Several cases disclose the type of information which must be contained on a Form 23-

C tax assessment record and its supporting list. For example, in Ianelli v. Long, 329

F.Supp. 1241, 1242 (W.D.Pa. 1971), the description of the various data is as follows:

> The procedure for assessment provides, inter alia, that the assessment
> officer shall sign the summary record of assessments made against any
> tax payer, that said action, through supporting records, shall provide
> identification of the tax payer, the character of the liability assessed, the
> taxable period as applicable, and the amount of the assessment. The
> date of the assessment is the date the summary record is signed by an

assessment officer. 26 U.S.C.A. § 301.6203-1, Code of Federal Regulations. **Since this procedure was not followed, in this case, therefore, the assessment is void and the executions based thereon are invalid** (emphasis added).   In Planned Investments, Inc. v. United States, 881 F.2d 340, 343 (6th Cir. 1989), the court examined the requirements of 26 C.F.R. § 301.6203-1 and concluded:

Section 6203 of Subchapter A provides that assessment be made by recording the liability in accordance with the regulations promulgated by the Secretary. 26 U.S.C. § 6203 ... Treasury regulations provide that the assessment be made by signing the summary record of assessment. 26 C.F.R. § 301.6203-1. The summary record, through supporting documents, must contain the following:

(1) identification of the taxpayer;

(2) character of liability assessed;

(3) taxable period, if applicable; and

(4) amount of assessment.

Finally, the court in Robinson v. United States, 920 F.2d 1157, 1158 (3rd Cir. 1990), described the assessment process as:

A duly designated official for the district or regional tax center signs the summary record of the assessment, which identifies the taxpayers, the type of tax owed, the taxable period and the amount of the assessment. 26 U.S.C. § 6203; Treas. Reg. § 301.6203-1.  See also Essex v. Vinal, 499 F.2d 265, 230 (8th Cir. 1974).

13.     There is no statutory authority for the IRS to substitute any other form or document for

the required form 23-C (Summary Record of Assessment).

14.     In respect of allegations regarding the lack of a procedurally proper assessment, two

decisions of the 9th circuit court of appeals are pertinent in their teachings and

applicability here;  Huff v United States, 10 F3d 1440 (9th Cir. 1993) and Mulvania v

U.S. 214 BR (9th Cir 1997).  Each of these 9th Cir decisions make it clear that in order

to properly discharge his statutory obligation under 26 USC 6203 of the IRS Code and

Sec. 301.6203-1 of the Treasury Regulations, the Commissioner must issue to the

requesting tax payer a summary record of assessment (form 23C) signed by a duly

appointed assessment officer in order to properly validate an assessment of a tax.

15.   Although plaintiff(s) has/have made demand upon the Commissioner (copy attached) these documents have not been issued to plaintiff(s).

16.   In addition plaintiff(s) would emphasize to the Court that the decision in Huff and Mulvania (supra) also make it abundantly clear that when the question of a properly validated assessment of tax is raised by a taxpayer an important question of fact is presented to the court which may not be cavalierly brushed aside by way of a Rule 12(b)(6) motion to dismiss or by way of summary judgement.   **ABSENT AN ASSESSMENT, NO TAX EXISTS**. Rosenman v. Commissioner, 323 US 658 (1945) (a tax does not exist absent an assessment) Absent an assessment, NO TAX EXISTS. Rosenman v. Commissioner, 323 US 658 (1945) (a tax does not exist absent an assessment), Ridinsky v. United States, 622 F. Supp. 331 (1985); Estate of M. Karl Goetz v. United States, 286 F.Supp. 128; In re Western Trading Co., 340 F.Supp. 1130 (D.Nev. 1972).   **The absence of the requisite documents proves, as an adjudicative fact, that there has been no assessment and, consequently, no tax exists and no tax collection activities may be pursued.  (Mandatory Judicial Notice** FED.R.EVID. **).**

17.   It is well established that anyone who deals with the government assumes the risk that the agent acting in the government's behalf has exceeded the bounds of his authority. Bollow v. Federal Reserve Bank of San Francisco, 650 F.2d 1093 (9th Cir. 1981); Lavin v. Marsh, 644 F.2d 1378 (9th Cir. 1981): Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 68 S.Ct. 1 (1947); Government of the Virgin Islands v. Gordon, 244 F.2d 818 (3rd Cir. 1957).  However, public officers are but agents whose authority is defined and

limited by law. Their acts beyond their lawful powers are ineffectual to bind the public, which they represent, and their neglect and laches can seldom affect public rights. Hale County, Texas v. American Indemnity Co, 63 F.2d 275 (5th Cir. 1933); Board of Comm. of Peace Officers Annuity and Benefit Fund v. Clay, 214 Ga. 70, 102 S.E.2d 575, (1958); Pierce v. United States, 7 Wall. (74 U.S. 666, 673 (1868); Federal Trade Commission v. Raladam Co., 283 U.S. 643, 51 S.Ct. 587 (1931); United States v. Forster, 131 F.2d 3 (8thCir. 1942). The acts of federal agents — committed without delegated authority — are also held void in Cudahy Packing Co. v. Holland, 314 U.S. 357, 62 S.Ct. 651 (1942); United States v. Giordano, 416 U.S. 505, 94 S.Ct. 1820 (1974); United States v. Pees, 645 F.Supp. 687 (D.Col. 1986); United States v. Hovey, 674 F.Supp. 161 (D.Del. 1987); United States v. Spain, 825 F.2d 1426 (10th Cir. 1987); United States v. Emerson, 846 F.2d 541 (9th Cir. 1988); United States v. McLaughlin, 851 F.2d 283 (9th Cir. 1988); and United States v. Widdowson, 916 F.2d 587, 589 (10th Cir. 1990).

18.    Plaintiff(s) exclusive remedy is found under 26 U.S.C. § 7433. Schipper v. United States (E.D.N.Y. 1995); Barron v. United States (D.C.N.H. 1998); Valladares v. IRS (E.D.Cal. 2001); Gille v. United States, 838 F.Supp. 521 (N.D.Okla. 1993); Information Resources, Inc. v. United States, 950 F.2d 1122, ( 5th Cir. 1992).

19.    Administrative claims which plaintiff(s) filed with the Internal Revenue Service and the Secretary of the Treasury work to satisfy the requirement that a "taxpayer" must exhaust administrative remedies before bringing suit for disregarding provisions of Title 26 United States Code and its regulations in connection with collection activities. Even assuming

some minor defect in plaintiff(s) administrative claim, requiring plaintiff(s) to comply with

obsolete regulations or to again pursue administrative remedies would amount to nothing

more than futile reexhaustion. Hurt v. United States, 914 F. Supp. 1346, (S.D.W.Va.

1996).

20.   The penalties for disclosure of confidential information by an officer or employee of the

United States or of any department or agency thereof are prescribed in 18 U.S.C. §

1905. In United States v. Lee, 106 U.S. 196, 1 S.Ct. 240 (1882), the Court held:

> No man in this country is so high that he is above the law. No officer of
> the law may set that law at defiance with impunity. All the officers of the
> government, from the highest to the lowest, are creatures of the law and
> are bound to obey it. It is the only supreme power in our system of
> government, and every man who by accepting office participates in its
> functions is only the more strongly bound to submit to that supremacy,
> and to observe the limitations which it imposes upon the exercise of the
> authority which it gives.

21.   The Federal Records Act, 44 USC § 3101, et seq., and federal regulations, at 36 CFR

Part 1222, requires the IRS to make and preserve records containing adequate and

proper documentation of, the organization of the agency; the functions of the agency; the

policies of the agency; the decisions of the agency; the procedures of the agency; and

the essential transactions of the agency, such as assessment; these are *federal*

*records*. The National Archives Act, 44 USC § 3106, prohibits the unauthorized removal

or destruction of federal records.

22.   Government Accounting Office audit reports for the years 1993 through and including

2006 establish that defendant's agency has failed in respect of making and/or preserving

relevant records. Plaintiff(s) provide an extraction from the aforementioned GAO audit

reports in support of this claim: The following extractions from the GAO audit reports for

the years 1993 through and including 2003 establish that without exception:  IRS

records are generally unreliable, the IRS cannot generate a file or listing of detailed

transactions such as assessments, collections, abatements, refunds, and interest

recorded; IRS permits employees to make unauthorized access and modifications to

taxpayer information; IRS cannot retrieve the detailed information needed to summarize

individual types of transactions, such as penalties or interest, or support the information

included in IRS' reports; IRS cannot ensure that (1) manual entries are appropriate and

authorized and (2) any keying errors associated with manually inputted entries are

detected; IRS' systems do not routinely produce reliable information about valid and

collectible accounts receivable; IRS' automated records contain errors and IRS does not

record tax assessments, payments and other activities; IRS controls over cash, checks

and related hard copy taxpayer data it receives from taxpayers do not sufficiently limit the

risk of theft, loss, or misuse of such funds and data; many assessments were

erroneous; IRS stated that it generally agreed with the findings and conclusions in the

reports.

## VII
## CONCLUSION

1.    As pointed out in ¶14(legal Authorities) **ABSENT AN ASSESSMENT, NO TAX**

**EXISTS**.  In the instant matter no forms 23C exist, therefore no assessment exists for

any year relevant to this matter.  Therefore, no collection activity against plaintiff(s) may

be pursued.    Thus, all collection activity pursued against plaintiff(s) for the

aforementioned years constitutes unlawful collection activity and a disregard of the

provisions of Title 26 U.S.C. and its regulations.

2.    As pointed out in ¶5 (legal authorities) when the question of a properly validated assessment of tax is raised by a taxpayer an important question of fact is presented to the court which may not be cavalierly brushed aside by way of a Rule 12(b)(6) motion to dismiss or by way of summary judgement.

3.    As pointed out in ¶¶ 5 through 9 (statement of facts) defendants' agency has sent voluminous correspondence to plaintiff(s) in which each and every piece of correspondence articulates a very clear position on the issues contained therein which the IRS is unwilling to reconsider.

4.    As a direct and proximate result of the reprehensible, egregious, and vexatious conduct and the wanton disregarding of provisions of Title 26 United States Code and the regulations promulgated there-under by defendant's principals, officers, agents, and/or employees of the Internal Revenue Service in connection with the collection of federal income tax plaintiff(s) has/have suffered one or more of the following: (1) substantial personal embarrassment, (2) loss of income, (3) loss of goodwill, (4) loss of business, (5) loss of property, (6) loss of savings, etc., resulting in actual damages, the extent of which at this time cannot be completely and accurately ascertained, but which will be more fully known after a determination, by the court, that the defendant's principals, officers, agents, and/or employees of the Internal Revenue Service disregarded any provision of Title 26 United States Code and/or any regulation promulgated under Title 26 United States Code.

5.    Such reprehensible, egregious, and vexatious conduct and the wanton disregarding of the provisions of Title 26 United States Code and the regulations promulgated

thereunder by defendant's principals, officers, agents, and/or employees of the Internal

Revenue Service in connection with the collection of federal tax entitles plaintiff(s) to

punitive damages the extent of which at this time cannot be completely and accurately

ascertained, but which will be known more fully known after a determination, by the

court, that the defendant's principals, officers, agents, and/or employees of the Internal

Revenue Service disregarded provisions of Title 26 United States Code regulations

promulgated under Title 26 United States Code.

6.    Section 6103(e)(1)(A)(1) of the Internal Revenue Code, Title 26, United States Code,

§ 6103(e)(1)(A)(1), grants a statutory right to access one's own tax records.

7.    Federal tax regulation 301.6103-1(c), Title 26, Code of Federal Regulations, § 301.6103-

1(c), reiterates defendants' statutory obligation.

8.    The Federal Records Act, 44 USC § 3101,  the National Archives Act, 44 USC § 3106,

and federal regulations, at 36 CFR Part 1222, also require the IRS to provide records

to plaintiff(s) upon request.

9    Section 7433(a) of the Internal Revenue Code, Vol 68A, Stat 3, § 7433(a),  Title 26,

United States Code § 7433(a), states:

"If, in connection with any collection of Federal tax with respect to a taxpayer, any
officer or employee of the Internal Revenue Service recklessly or intentionally, or
by reason of negligence, disregards any provision of this title, or any regulation
promulgated under this title, such taxpayer may bring a civil action for damages
against the United States in a district court of the United States. Except as
provided in section 7432, such civil action shall be the exclusive remedy for
recovering damages resulting from such actions.

10.    Federal tax regulation 301.7433-1(a), Title 26, Code of Federal Regulations, §301.7433-

1(a), reiterates,

"If, in connection with the collection of a federal tax with respect to a taxpayer, an

officer or an employee of the Internal Revenue Service recklessly or intentionally[5] disregards any provision of the Internal Revenue Code or any regulation promulgated under the Internal Revenue Code, such taxpayer may bring a civil action for damages against the United States in federal district court."

11.    As pointed out in ¶ 22 (legal authorities) more than a decade's worth of GAO reports establish that IRS records are generally unreliable, the IRS cannot generate a file or listing of detailed transactions such as assessments, collections, abatements, refunds, and interest recorded; IRS permits employees to make unauthorized access and modifications to taxpayer information; IRS cannot retrieve the detailed information needed to summarize individual types of transactions, such as penalties or interest, or support the information included in IRS' reports ...

### REMEDY SOUGHT

.    Determination that the defendant's principals, officers, agents, and/or employees of the Internal Revenue Service disregarded provisions of Title 26 United States Code and/or regulations promulgated under Title 26 United States Code with intent to defeat the application thereof.

.    Upon a determination that the defendant's principals, officers, agents, and/or employees of the Internal Revenue Service Internal Revenue Service disregarded provisions of Title 26 United States Code and/or regulations promulgated under Title 26 United States Code with intent to defeat the application thereof, plaintiff(s) seek(s) an ORDER:

A.    directing defendants to pay damages in accordance with section 7433, in an amount equal to the fine imposed in Internal Revenue Code section 7214(a) for

---

[5] The July, 2002 edition of RIA Federal Tax Regulations includes the note: "Caution: The Treasury has not yet amended Reg §301.7433-1 to reflect changes made by P.L. 105-206, P.L. 104-168," reflecting the addition of negligence as a basis for disregard of provision of Title 26, United States Code,, or any regulation promulgated under Title 26, United States Code,

each disregard with intent to defeat the provisions thereof, i.e., 10,000.00 per disregard; and,

B.    directing replevin of any and all property taken from Plaintiff(s) without complete due process of tax law, or compensation at current fair market value; and,

C.    directing such other and further damages as the court deems just and proper; and,

D.    enjoining defendants' principals, officers, agents, and/or employees from further acting in disregard of law or regulation.

Dated: _____July 14_____, 2006

_Lester R. Ramer_
Lester R. Ramer

_Mary L. Ramer_
Mary L. Ramer

## Acknowledgment

On the above inscribed date before the undersigned, a Notary Public for the State of Arkansas, personally appeared, Lester R. Ramer, Mary L. Ramer known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same as his/her/their free act and deed.

_Linda Jarvis_
Notary, State of Arkansas

```
OFFICIAL SEAL
LINDA JARVIS
NOTARY PUBLIC, ARKANSAS
BENTON COUNTY
My Commission Expires Aug. 7, 2010
```