IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| LESTER R. RAMER & <br> MARY L. RAMER, <br>       Plaintiffs, <br> v. <br> UNITED STATES, <br>       Defendant. | ) <br> ) <br> ) <br> )   No. 1:06-cv-01276 (RBW) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## UNITED STATES' MOTION TO DISMISS COMPLAINT

DEFENDANT, the United States of America, moves under Fed. R. Civ. P. 12(b), to dismiss plaintiffs' complaint.

As grounds for this motion, the United States submits that the Court lacks subject matter jurisdiction over the complaint.

A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

DATE: September 18, 2006.    Respectfully submitted,

                                                   /s/ Jennifer L. Vozne
                                               JENNIFER L. VOZNE
                                               Trial Attorney, Tax Division
                                               U.S. Department of Justice
                                               Post Office Box 227
                                               Washington, DC  20044
                                               Phone/Fax:  (202) 307-6555/514-6866
                                               Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| LESTER R. RAMER & <br> MARY L. RAMER, <br>       Plaintiffs, <br>     v. <br> UNITED STATES, <br>       Defendant. | ) <br> ) <br> ) <br> )    No. 1:06-cv-01276 (RBW) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM IN SUPPORT OF UNITED
STATES' MOTION TO DISMISS COMPLAINT**

    This is a civil action in which plaintiffs allege that, beginning with tax year 1997, the Internal Revenue Service (IRS) disregarded various provisions of the Internal Revenue Code. Plaintiffs seek damages for alleged "wrongful collection" of federal taxes, "replevin of any and all property," and an order "enjoining defendants' principals, officers, agents, and/or employees from further acting in disregard of law or regulation."

QUESTION PRESENTED

    Plaintiffs' complaint seeks damages for alleged "wrongful collection" of federal taxes from plaintiffs. The complaint fails to allege that plaintiffs have filed claim(s) for damages from "wrongful collection" of taxes. Does the Court have jurisdiction to entertain a suit for damages under these circumstances?

STATEMENT

    1. <u>Introduction & background</u>. Plaintiffs, Lester R. Ramer and Mary L. Ramer,

1853371.1

filed a complaint on July 18, 2006. The complaint alleges that in connection with the collection of federal tax beginning "with 'tax year' 1997[,]" "principals, officers, agents, and/or employees of the Internal Revenue Service ... disregarded ... provisions of Title 26 United States Code and the regulations promulgated thereunder with intent to defeat the application thereof ... ." (Compl. ¶ I.1.)1/

    2. <u>Relief sought in the complaint</u>. Plaintiffs allege that agents and employees of the Internal Revenue Service disregarded a laundry list of statutes from the Internal Revenue Code. (Compl. ¶ V, Counts 1-30.) Plaintiffs seek damages in the amount of "$10,000 per disregard."2/ (Compl. Remedy Sought at A.) Plaintiffs also seek "replevin of any and all property" 3/ and an injunction preventing United States

---

    1/ Plaintiffs' case is one of more than 100 known cases filed in this Court with substantially similar complaints and/or allegations.

    2/ Plaintiffs also may be seeking declaratory relief. (*See* Compl. Remedy Sought.) If so, declaratory relief is barred by the Declaratory Judgment Act. *See* 28 U.S.C. § 2201.

    3/ Plaintiffs' replevin action is in reality an action seeking a refund of federal taxes. Because plaintiffs fail to allege that they filed an administrative claim for refund and fully paid the taxes owed, the Court lacks subject matter jurisdiction. *See* 26 U.S.C. § 7422; *United States v. Dalm*, 494 U.S. 596, 601-602 (1990) (a claim for refund is necessary before filing a suit for a tax refund); *Flora v. United States*, 362 U.S. 145, 177 (1960) (payment in full is required before filing a suit for a tax refund).
    Alternatively, if the Court treats plaintiffs' replevin action as a tort action, the Court still lacks subject matter jurisdiction. *See Mac'Avoy v. The Smithsonian Institution*, 757 F.Supp. 60, 67-68 (D.D.C. 1991) (Hogan). The United States has waived its immunity to permit tort suits under the Federal Tort Claims Act (FTCA) (28 U.S.C. § 2675), and that waiver provides the exclusive remedy for claims of injury or loss of property arising or resulting from the negligent or wrongful acts of Government employees acting within the scope of their employment. *See FDIC v. Meyer*, 510 U.S. 471 (1994). But the FTCA also excludes jurisdiction for claims based upon an act or

employees from "further acting in disregard of law or regulation."4/  (Compl. Remedy Sought at B & D.)

## ARGUMENT

### THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THE COMPLAINT, DUE TO PLAINTIFFS' FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT

Plaintiffs attempt to state a claim for damages under 26 U.S.C. § 7433, and seek damages (Compl. ¶¶ 1, Remedy Sought.)  This Court does not have jurisdiction over plaintiffs' section 7433 claim because they have failed to demonstrate that they filed an administrative claim for damages with the Internal Revenue Service.  The party bringing suit must show that the United States has unequivocally waived its sovereign immunity.  *McGuirl v. United States*, 360 F.Supp.2d 125, 128 (D.D.C. 2004) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *West v. F.A.A.*, 830 F.2d 1044, 1046 (9th Cir. 1987).  Section 7433 of the Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions.  The Court lacks jurisdiction over

---

omission of a Government employee exercising due care in the execution of a statute of regulation and claims in respect of the assessment or collection of any tax.  *See* 28 U.S.C. § 2680.  A threshold jurisdiction requirement for such a suit is the filing of an administrative claim for damages with the relevant agency.  *See McNeil v. United States,* 508 U.S. 106 (1993); *Blakely v. United States,* 276 F.3d 853, 870 (6th Cir. 2002); *Mac'Avoy*, 757 F.Supp. at 67-68.  Plaintiffs do not allege that they filed an administrative claim, thus the Court lacks subject matter jurisdiction over their replevin action.

4/  Such injunctive relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421). *See Foodservice & Lodging Institute, Inc. v. Reagan*, 809 F.2d 842, 844-45 (D.C. Cir. 1987).

plaintiffs' claim because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, taxpayers must exhaust their administrative remedies. 26 U.S.C. § 7433(a). "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.*" 26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433. *See* 26 C.F.R. § 301.7433-1(e). The regulations provide that—

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added). The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer. 26 C.F.R. § 301.7433-1(e)(1) and (2). Failure to comply with this regulation deprives a court of jurisdiction. *See McGuirl v. United States*, 360 F.Supp.2d at 128; *Glass v. United States*, 424 F.Supp.2d 224 (D.D.C. 2006); *Venen v. United States*, 38

F.3d 100, 103 (3d Cir. 1994); *Conforte v. United States*, 979 F.2d 1375 (9th Cir. 1992); *Holt v. Davidson*, –F.Supp.2d –, 2006 WL 2106961, *3 (D.D.C. 2006) (Urbina).

In *Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006) and *Lindsey v. United States*, — F.Supp.2d —, 2006 WL 2413720 (D.D.C. 2006), this Court dismissed a similar complaint for failure to state a claim holding that the failure to exhaust administrative remedies was not a jurisdictional defect. The United States understands the Court to have relied upon *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006), in reaching its conclusion. In *Arbaugh*, the Supreme Court addressed exhaustion of administrative remedies in the context of two private litigants in a Title VII suit, rather than a suit involving the United States. The United States respectfully asserts that this difference in parties is significant. Neither of the private litigants had any attributes of sovereign immunity. Thus, neither litigant in *Arbaugh* could claim the benefit of the long-recognized

> general principle that "the United States, as sovereign, 'is immune from suit save as it consents to be sued *** and the terms of its consent to be sued in any court *define that court's jurisdiction* to entertain the suit.'"

*Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (emphasis added). Thus, when the United States has consented to suit, as it has in 26 U.S.C. § 7433, the terms of that consent define the court's jurisdiction. One of the terms of the consent under section 7433 is that the taxpayer must have exhausted his administrative remedies. And as a term of consent to the waiver of sovereign immunity, the requirement of administrative exhaustion is by

definition a part of the "court's jurisdiction to entertain the suit." *Arbaugh* did not deal with the special situation of sovereign immunity because neither party to the lawsuit was a sovereign. *Arbaugh* did not overrule *Nakshian*, because the two cases deal with statutory schemes of relief involving materially different parties. Therefore, the United States respectfully requests that the Court consider this difference and conclude that section 7433's exhaustion requirement is an element of the United States' waiver of sovereign immunity, and thus an aspect of subject matter jurisdiction.

      Here, plaintiffs have not alleged that they filed a written claim with the area director which complies with the requirements of the regulations.  Instead, plaintiffs assert that they fit within an exception to the exhaustion requirement in that the IRS has demonstrated a clear position it is unwilling to reconsider.  (Compl. ¶¶ II.2, III.6, IV.1. & 2.)5/  In support of this assertion, plaintiffs attached various documents.  (Compl. Exs. A-G.)  Not one document purports to be a claim for damages under 26 U.S.C. § 7433 or a response by the Internal Revenue Service indicating that it had received and made a determination on a claim for damages under 26 U.S.C. § 7433.  Because plaintiffs fail to assert that they attempted compliance with the regulation by submitting a valid administrative claim, the Internal Revenue Service cannot be said to have articulated a

---

      5/  Plaintiffs also state, in conclusory fashion, that "[a]dministrative claims which plaintiff(s) filed with the Internal Revenue Service and the Secretary of the Treasury work to satisfy the requirement that a 'taxpayer' must exhaust administrative remedies[.]"  (Compl. ¶ VI.19.)  They then conclude by stating that "[e]ven assuming some minor defect in [their] administrative claim, requiring [them] to comply with obsolete regulations or to again pursue administrative remedies would amount to nothing more than futile re-exhaustion."  (*Id.*)

clear position that it will not consider any administrative claim for damages. Therefore, plaintiffs have not met their burden to allege adequately that the United States has unequivocally waived its sovereign immunity. Because plaintiffs have not met their burden to prove exhaustion of administrative remedies, this Court does not have jurisdiction over their section 7433 claim, and the Court should dismiss the amended complaint.6/

## CONCLUSION

Because the Court lacks jurisdiction over the complaint, the complaint should be dismissed.

DATE: September 18, 2006.    Respectfully submitted,

       /s/ Jennifer L. Vozne       
JENNIFER L. VOZNE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Phone/Fax:  (202) 307-6555/514-6866
Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

---

6/  Alternatively, if the Court disagrees with the United States' assertion that the Court lacks jurisdiction, the United States requests that the Court dismiss plaintiffs' complaint for failure to state a claim. *See Turner*, *supra*.

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS COMPLAINT, supporting MEMORANDUM, and proposed ORDER were caused to be served upon plaintiffs *pro se* on the 18th day of September, 2006, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

>LESTER R. RAMER
>MARY L. RAMER
>*Plaintiffs Pro Se*
>11717 Stage Coach Road
>Gravette, Arkansas 72736

                                              /s/ Jennifer L. Vozne
                                              JENNIFER L. VOZNE

1853371.1