**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| LESTER R. RAMER, et. al. | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 06-cv-1276 (RBW) ) ) |
| UNITED STATES, | ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM OPINION

This is a civil action in which the plaintiffs, Lester R. and Mary L. Ramer, allege that beginning in 1997 the United States Internal Revenue Service ("IRS") disregarded various provisions of the Internal Revenue Code (the "Code" or "IRC") resulting in unlawful tax collection activity being initiated against them and the illegal taking of their property. Complaint ("Compl.") at 2, 24, 28. Although the plaintiffs do not provide any specific factual details supporting the basis for their allegations, they nonetheless seek damages against the defendant, the United States of America (the "United States"), for alleged "wrongful collection" of federal taxes, "replevin of any and all property" taken from them by the defendant, and an order "enjoining [the] defendants' principals, officers, agents, and/or employees from further acting in disregard of the law or regulation." Id. at 27-28. The defendant has filed a motion to dismiss the complaint on the grounds that this Court lacks subject matter jurisdiction to entertain this action, or alternatively, that the plaintiffs have failed to state any actionable claims, Defendant's Memorandum in Support of Motion to Dismiss ("Def.'s Mem.") at 7, which the plaintiffs oppose, Response to United States' Motion to Dismiss Complaint ("Pls.' Resp.").

1

For the reasons set forth below, the Court must: (1) grant the defendant's motion to dismiss with regard to counts 1 through 12, 16 through 21, and 28 through 30 of the complaint; (2) deny the defendant's motion to dismiss based on either its theory that the Court lacks subject matter jurisdiction or that the plaintiffs have failed to state a claim with regard to counts 13 through 15, and 22 through 27 of the complaint; (3) deny without prejudice the defendant's motion to dismiss based on the plaintiffs' purported failure to request an acceptable form of relief under the Declaratory Judgment Act with respect to the remaining counts of the complaint; (4) deny the defendant's motion to dismiss for lack of personal jurisdiction with respect to the counts of the complaint that remain alive; and (5) grant in part the plaintiffs' request for leave to amend their complaint to the extent necessary to provide factual support for the surviving claims and the exceptions to the Anti-Injunction Act, 26 U.S.C. § 7421(a) (2006), raised by the plaintiffs, and deny in part the plaintiffs' request for leave to amend their complaint to the extent that they wish to convert their claims into claims under <u>Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). <u>See generally</u> Compl.

## I. BACKGROUND

On July 17, 2006, plaintiffs Lester R. and Mary L. Ramer, who are proceeding <u>pro se</u> in this matter, brought this action alleging that the IRS, through its "principals, officers, agents, and/or employees of the IRS disregarded and continues to disregard provisions of [the IRC,] Title 26 [of] the United States Code[,] and the regulations promulgated [under the IRC] with intent to defeat the application thereof." <u>Id.</u> at 2. In particular, the plaintiffs allege in their complaint that "[b]eginning with 'tax year' 1997 through and including the present year [i.e., 2006]," the IRS: (1) failed to respond to correspondence submitted by the plaintiffs within ten days as required by 26 C.F.R. § 601.702(c) (2008) (Count 1); (2) refused to disclose the

plaintiffs' income tax return information to them as required by 26 U.S.C. § 6103(e) (2006) (Count 2); (3) disclosed confidential tax return information to persons not statutorily authorized to receive such information in violation of 26 U.S.C. § 6103(a) (Count 3); (4) failed to make any assessments for the taxes and penalties that the plaintiffs allegedly owed as required by 26 U.S.C. § 6201(a) (2006) (Count 4); (5) failed to make assessments for taxes and penalties within the time and mode set forth by the Secretary of the Treasury as required by 26 U.S.C. § 6202 (2006) (Count 5); (6) neglected to assess taxes owed by the plaintiffs within three years as required by 26 U.S.C. § 6501(a) (2006) (Count 6); (7) failed to record the assessments of taxes and penalties as required by 26 U.S.C. § 6203 (2006) (Count 7); (8) failed to provide the plaintiffs with copies of the records concerning the assessments that were requested by the plaintiffs as required by 26 U.S.C. § 6203 (Count 8); (9) attempted as of 2006 to collect taxes and penalties in amounts greater than what appears on the records of the assessments in violation of 26 U.S.C. § 7214(a) (2006) (Count 9); (10) failed to return all unlawfully collected taxes to the plaintiffs as required by 26 U.S.C. § 6402 (2006) (Count 10); (11) failed to send the plaintiffs notices of their alleged tax deficiencies as required by 26 U.S.C. § 6212 (2006) (Count 11); (12) failed to advise the plaintiffs of the last date on which they could file petitions with the Tax Court as required by 26 U.S.C. § 6213(a) (2006) (Count 12); (13) failed to notify the plaintiffs of the filing of notices of lien as required by 26 U.S.C. § 6320 (2006) (Count 13); (14) filed invalid and unlawful notices of federal tax liens against the plaintiffs in violation of 26 U.S.C. § 6321 (2006) (Count 14); (15) failed to release the liens when it became obvious that said liens were invalid and unlawful as required by 26 U.S.C. § 6325 (2006) (Count 15); (16) improperly failed to suspend all tax-related interest and penalties because the defendant failed to specifically state the amount and the basis of plaintiffs' tax liabilities as required by 26 U.S.C. § 6404(g) (2006)

(Count 16); (17) failed to include in each notice imposing a penalty the name of the penalty, the Code section authorizing its assessment, and an actual computation of the penalty amount as required by 26 U.S.C. § 6751(a) (2006) (Count 17); (18) failed to verify that a supervisor had personally approved, in writing, each initial penalty determination as required by 26 U.S.C. § 6751(b)(1) (2006) (Count 18); (19) refused "to produce any evidence with respect to the imposition of each penalty and additions" imposed as required by 26 U.S.C. § 7491 (2006) (Count 19); (20) conducted "a presumed financial status audit" in violation of 26 U.S.C. § 7602(a) (2006) (Count 20); (21) refused to prove the validity of items of their purported income that were reconstructed solely through the use of statistical information of unrelated taxpayers as required by 26 U.S.C. § 7491(b) (Count 21); (22) failed to send to the plaintiffs ten-day demands for payments before issuing levies during the tax years at issue as required by 26 U.S.C. § 6331(a) (2006) (Count 22); (23) failed to send the plaintiffs thirty day notices of levies with respect to any unpaid tax as required by 26 U.S.C. § 6331(d)(1)(2) (2006) (Count 23); (24) filed invalid and unlawful notices of tax levies on the plaintiffs' wages, bank account, and similar monetary holdings in violation of 26 U.S.C. § 6321 (2006) (Count 24); (25) seized the plaintiffs' personal belongings, including their bank deposits, retirement income, investments, and similar items after the statutorily prescribed limitation period in violation of 26 U.S.C. § 6334 (2006) (Count 25); (26) refused to relax levies after making determinations that the total amount of taxes was not collectible as required by 26 U.S.C. § 6343(b) (2006) (Count 26); (27) failed to provide the plaintiffs with notices of their right to an impartial hearing before issuing notices of liens, levies, or other agency action as required by 26 U.S.C. § 6330(a) (2006) (Count 27); (28) failed to provide the plaintiffs with non-binding mediation before issuing notices liens, levies, or other agency action as required by 26 U.S.C. § 7123(b)(1) (2006) (Count 28); (29) deprived the

plaintiffs of the guaranteed availability of installment payment agreements in violation of 26 U.S.C. § 6159 (2006) (Count 29); and (30) failed to provide reasonable notices to the plaintiffs that IRS employees were contacting third parties regarding taxes that the plaintiffs allegedly owed as required by 26 U.S.C. § 7602(c) (2006) (Count 30).  Id. at 6-16.

Based on these alleged unlawful acts, the plaintiffs asks this Court to (1) direct the defendant to pay damages, pursuant to 26 U.S.C. § 7433 (2006), in an amount equal to the fine imposed by 26 U.S.C. § 7214(a) for each alleged violation committed by the defendant; (2) issue an order of replevin for any property taken from the plaintiffs as a result of the defendant's alleged violation of the law, or compensation at the current fair market value of the property taken from the plaintiff; (3) direct the defendant to pay any other damages that the Court deems just and proper; and (4) enjoin the defendant's principals, officers, agents, and employees from further acting in violation of the law.  Id. at 27-28.

On September 18, 2006, the defendant moved to dismiss the plaintiffs' complaint on the grounds that the Court lacked subject matter jurisdiction or, in the alternative, based on the plaintiffs' failure to state claims upon which relief may be granted.  Def.'s Mem. at 7.  On April 10, 2007, this Court instructed the plaintiffs to respond to the defendant's motion to dismiss or the Court might grant the motion as conceded.  Court Order of April 10, 2007.  Upon the Court's belief that the plaintiffs had failed to respond to the motion, the Court dismissed the plaintiffs' complaint without prejudice.  Court Order of May 30, 2007.  On October 16, 2007, the plaintiffs moved to reinstate the case and demonstrated that they had timely filed their response to the defendant's motion to dismiss.  Plaintiffs' Motion to Reinstate ("Pls.' Mot.") at 1-2; Pls' Mot. Exhibit ("Ex.") 1-6.  In light of the evidence of the plaintiffs timely response, the Court reinstated the case.  Court Minute Order of July 2, 2008.

On September 26, 2008, the defendant renewed its motion to dismiss the plaintiffs' complaint on the same grounds as advanced in its initial motion. United States's Reply ("Def.'s Reply") at 5-7. Finally, on December 8, 2008, the plaintiffs filed a motion for leave to file a sur-reply and to amend their complaint, Plaintiffs' Request for Leave to File Sur-Reply and Motion to Amend ("Pls.' Req.") at 1-2, along with the sur-reply itself, Plaintiffs' Supplement to Request for Leave to File Sur-Reply ("Pls.' Sur-Reply").[1] This opinion will address and resolve all of these motions.

## II. STANDARD OF REVIEW

### (1) Standards of Review

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

In deciding a motion to dismiss based upon lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), a Court is not limited to the allegations set forth in the complaint, but "may consider materials outside of the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction[.]" Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253 (D.C. Cir. 2005). Under Rule 12(b)(1), "it is to be presumed that a cause lies outside [the federal courts'] limited jurisdiction," Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994), unless the plaintiff establishes by a preponderance of the evidence that the Court possesses jurisdiction, see e.g. Hollington v. Duff, 444 F. Supp. 2d 61, 63 (D.D.C. 2006).

---

[1] Because the defendant did not oppose the plaintiffs' motion, Pls.' Sur-Reply at 1-2, and given the special consideration the Court must give to pro se litigants, this Court will take into consideration the plaintiffs' Sur-Reply in making its determination of the issues raised by the defendant.

**B. Motion to Dismiss for Failure to State a Claim**

On the other hand, a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), challenging the adequacy of a complaint on its face, only requires the Court to assess whether a plaintiff has properly stated a claim, and does not generally permit the Court to look outside of the pleadings in making its assessment. See E.E.O.C. v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624-25 (D.C. Cir. 1997); Gustave-Schmidt v. Chao, 226 F. Supp. 2d 191, 196 (D.D.C. 2002), aff'd, No. 04-5181, 2004 WL 2348142, at *1 (D.C. Cir. Oct. 19, 2004) (stating that, in deciding a 12(b)(6) motion, the Court typically may consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice."). Moreover, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In assessing the merits of dismissal on this ground, the Court must treat the complaint's factual allegations – including mixed questions of law and fact – as true and draw all reasonable inferences in the plaintiff's favor. Macharia v. United States, 334 F.3d 61, 67 (D.C. Cir. 2003); Holy Land Found. for Relief & Dev. v. Ashcroft, 333 F.3d 156, 165 (D.C. Cir. 2003). Finally, the Court need not accept as true any unsupported inferences alleged in the complaint or any legal conclusions cast as factual allegations. Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002). However, the Court must hold "allegations of [a] pro se complaint . . . to less stringent standards than formal pleadings drafted by lawyers." Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 n.2 (D.C. Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).

## III. LEGAL ANALYSIS

### (1) The Failure to State a Claim Under 26 U.S.C. § 7433 Challenge

The defendant argues that this Courts must dismiss Counts 1 through 12, 16 through 21, and 28 through 30 of the complaint because they all seek monetary damages and accordingly are not cognizable under 26 U.S.C. § 7433.  Def.'s Reply at 7-8.  In particular, the defendant claims that the alleged violations contained in these Counts of the complaint do not involve "collection activities" as required by § 7433, and therefore cannot be maintained.  Id.  The plaintiffs appear not to reject this argument, but confronted with the almost insurmountable task of persuading this Court that 26 U.S.C. § 7433 must be construed as encompassing all of the claims raised in their complaint, they now seek leave to amend their complaint to "bring the 'non-collection' counts as Bivens claims[.]"  Pls.' Sur-Reply at 4.

26 U.S.C. § 7433(a) provides that "[i]f, in connection with any collection activity of Federal tax . . .[,] any officer or employee of the [IRS] . . . disregards any provision of this title, or any regulation promulgated under this title . . . [, a § 7433] civil action [for damages] shall be the exclusive remedy for recovering damages resulting from such actions."  Other members of this Court have interpreted this provision narrowly, restricting the types of activities which can properly be considered as tax collection activities.  See Buaiz v. United States, 471 F. Supp. 2d 129,136 (D.D.C. 2007) (finding that "claims that must be dismissed are those based on and related to the IRS's alleged wrongful calculation of tax assessments[,] . . . the IRS's alleged failure to disclose to [the plaintiff information he contends he was entitled to receive] and wrongful disclosure to third parties of [the plaintiff's] tax returns, assessments, and other tax records[,] . . . the IRS's alleged failure to notify [the plaintiff] of his obligation to keep records and file tax returns and improper use of his social security number . . . [, and] claims based on

alleged harassment and other misconduct by the two IRS agents who investigated [plaintiffs'] alleged failure to pay taxes."); Bryant v. United States, 527 F. Supp. 2d 137, 141-42 (D.D.C. 2007) (adopting the holding of the Court in Buaiz); Evans-Hoke v. Paulson, 503 F. Supp. 2d 83, 86 (D.D.C. 2007) (concluding that because 26 U.S.C. § 7433 applies "only to claims challenging collection activities, wrongful tax assessments cannot be brought under [this provision]"); Jaeger v. United States, 524 F. Supp. 2d 60, 63-64 (D.D.C. 2007) (footnote and citation omitted) (holding that "§ 7433 does not provide a cause of action for wrongful tax assessment[,] . . . the absence of a tax assessment, or other actions not related to the collection of income tax").

In Bivens, the Supreme Court held that the Fourth Amendment contained an implied private cause of action for damages against federal agents. 403 U.S. at 397. The Court concluded that although Congress had never provided for such a private right of action, "no explicit congressional declaration" prohibited a claim of this nature, id., and, therefore, "no special factors counseled hesitation [by the Court in providing such a claim] in the absence of affirmative action by Congress," id. at 396. However, "[i]n more than thirty years since Bivens, the [Supreme] Court has been very hesitant to imply other private actions[,]" and it has refused to extend Bivens "in cases involving complex statutory schemes in which Congress has considered and created meaningful avenues for redress." Judicial Watch, Inc. v. Rossotti, 317 F.3d 401, 409 (4th Cir. 2003), cert. denied, 540 U.S. 825 (2003); see also Schweiker v. Chilicky, 487 U.S. 412, 414 (1988) (holding that given the "elaborate remedial scheme devised by Congress" there was no reason to create a new judicial remedy); Bush v. Lucas, 462 U.S. 367, 368 (1983) (finding that the "relationship [between plaintiffs and defendant was] governed by comprehensive procedural and substantive provisions giving meaningful remedies against the United States."). On this point, the Supreme Court has noted that

9

> "the concept of 'special factors counseling hesitation in the absence of affirmative action by Congress' has proved to include an appropriate judicial deference to indications that congressional inaction has not been inadvertent. When the design of a Government has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, we have not created additional <u>Bivens</u> remedies."

<u>Schweiker</u>, 487 U.S. at 423.

In regards to the dispute now before the Court, 26 U.S.C. § 7433 was undoubtedly subjected to thorough congressional review before its adoption and on several occasions thereafter,[2] and "[i]t would be difficult to conceive of a more comprehensive statutory scheme, or one that has received more intense scrutiny from Congress, than the Internal Revenue Code." <u>Rossotti</u>, 317 F.3d at 410.  Furthermore, "a narrow interpretation [of § 7433] is consistent with Congress's broad intent that the federal judiciary have limited jurisdiction over cases involving the assessment and collection of income taxes."  <u>Buaiz</u>, 471 F. Supp. 2d at 136 (citing <u>Rossotti</u> with approval and implying that the Court could not create <u>Bivens</u> remedies for violations of the IRC).  Therefore, the Court must decline to expand the reach of <u>Bivens</u> to afford the plaintiffs a private cause of action in the context of the dispute in this case and accordingly must refuse to grant the plaintiffs leave to amend their complaint to transform the "non-collection" counts of their complaint into <u>Bivens</u> claims; indeed, to allow them to do so would be futile as such claims would ultimately fail in any event.  See <u>Foman</u>, 371 U.S. at 182 (noting that the Court may deny leave to amend the complaint when the reason for the denial is "futility of [the] amendment").  Thus, consistent with the several members of this Court who have strictly construed 26 U.S.C. §

---

[2]  Since being passed in 1988, the Taxpayer Bill of Rights, which contains 26 U.S.C. §7433, was subsequently amended by Congress in 1996 and 1998.  See <u>Sanders v. United States</u>, No. 06-354, 2006 WL 2735248, at *1, 6 n. 5 (D.D.C. Sept. 25, 2006).

7433, this Court must grant the defendant's motion to dismiss the non-collection claims asserted in Counts 1 through 12, 16 through 21, and 28 through 30 of the complaint.

### (2) The Exhaustion of Administrative Remedies Challenge

The defendant claims that the plaintiffs' failure to exhaust their available administrative remedies, as required by 26 U.S.C. §7433, also requires dismissal of the complaint. Def.'s Mem. at 3-7. Having already found that the plaintiffs cannot seek damages under § 7433 with regard to Counts 1 through 12, 16 through 21, and 28 through 30 of the complaint, the Court must now decide whether the remaining counts of the complaint (Counts 13 through 15 and 22 through 27) survive this challenge.

The defendant argues that by not exhausting the required administrative remedies, the plaintiffs cannot prove that the defendant has unequivocally waived its sovereignty immunity and, thus, the Court lacks subject-matter jurisdiction to consider the remaining claims of the complaint. Def.'s Mem. at 3-7. In the alternative, the defendant argues that if the Court disagrees with its subject matter jurisdiction argument, this Court must nonetheless dismiss the plaintiffs' complaint for failure to state any actionable claims due to the plaintiffs' failure to exhaust their administrative remedies as required by 26 U.S.C. §7433. Id. at 7 n. 6.

In response, the plaintiffs argue that the Supreme Court's decision in Arbaugh v. Y & H Corp., 546 U.S. 500 (2006), and the decisions issued by other members of this Court following the rulings in Turner v. United States, 429 F. Supp. 2d 149 (D.D.C. 2006), and Lindsey v. United States, 448 F. Supp. 2d 37 (D.D.C. 2006), clearly require the conclusion that this Court has subject matter jurisdiction in this case. Pls.' Resp. at 1-2. In addition, in regards to their alleged failure to state a claim, the plaintiffs argue that the Supreme Court's holding in Jones v. Bock,

549 U.S. 199, 211-14 (2007), clarified that exhaustion is an affirmative defense which they were not required to plead.  Pls.' Resp. at 2-4.

Section 7433 provides that "[a] judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the [IRS]."  26 U.S.C. § 7433(d)(1).  Further, 26 C.F.R. § 301.7433-1(e) (2008), which establishes the administrative remedy called for by § 7433(d)(1), states that "[a]n administrative claim [must] be sent in writing to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides[,]" along with further information regarding the taxpayer, the grounds for the claim, the alleged injury, and the remedy sought.  26 CFR § 301.7433-1(e)(1), (2).  This Court has recently concluded that it "may not award a judgment for damages to a plaintiff bringing an action under 26 U.S.C. § 7433 where that plaintiff has not first satisfied the administrative procedures set forth in [that regulatory provision]," Shane v. United States, No. 07-cv-577, 2008 WL 101739, at *5 (D.D.C. Jan. 09, 2008) (citing Lindsey, 448 F. Supp. 2d at 61), and the defendant opines that the same conclusion applies to this case as well.  Def.'s Mem. at 7.  Accordingly, the defendant urges that because the plaintiffs failed to exhaust their administrative remedies, as required by 26 U.S.C. §7433, this Court has no jurisdiction over the plaintiffs' § 7433 claims.  Id.

The Court cannot agree with the defendant's argument, however, because it is based on the flawed premise that the plaintiffs must plead exhaustion of their administrative remedies to establish the Court's subject-matter jurisdiction.  See Avocados Plus, Inc. v. Veneman, 370 F.3d 1243, 1248 (D.C. Cir. 2004) (stating that the Court must "presum[e] [that] exhaustion is non-jurisdictional").  In fact, unless Congress "clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, . . . courts should treat the restriction as non-jurisdictional in

12

character," Arbaugh, 546 U.S. at 515-16 (footnote and citation omitted), and "[n]othing in the language of § 7433(d)(1) suggests that Congress intended to impose a jurisdictional barrier to taxpayers suits seeking damages for the conduct of the IRS," Lindsey, 448 F. Supp. 2d at 52; see also Shane, 2008 WL 101739, at *5 (internal quotation marks and citations omitted) (stating that "the exhaustion requirement imposed by § 7433 is not jurisdictional").  Therefore, because 26 U.S.C. § 7433 "is silent on the issue whether exhaustion must be pleaded by the plaintiff or is an affirmative defense [and given that the Supreme Court has held that the exhaustion requirement must be presumed as non-jurisdictional], the usual practice should be followed, and the usual practice under the Federal Rules [of Civil Procedure] is to regard exhaustion as an affirmative defense." Jones, 549 U.S. at 212.

The Court recognizes that it has previously held that similar complaints alleging § 7433 violations may be dismissed under Rule 12(b)(6) on the theory that the plaintiffs in those cases had not contested that they failed to exhaust the administrative remedies promulgated in 26 C.F.R. § 301.7433-1.  See Lindsey, 448 F. Supp. 2d at 54-55; Turner, 429 F. Supp. 2d at 154-55. However, the Court is obliged to follow the precedent of the Supreme Court, which now prohibits exhaustion from being "subsumed under the [statute]'s ground authorizing early dismissal for failure to state a claim upon which relief may be granted," because "[w]hether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in abstract." Jones, 549 U.S. at 215 (internal quotation marks and citations omitted).  Therefore,

> "in light of the Supreme Court's ruling in Jones, it is clear that a
> plaintiff's complaint cannot be dismissed under Rule 12(b)(6)
> merely because that plaintiff failed to allege that he exhausted his
> administrative remedies in his opposition to a motion to dismiss . .

13

> . [or] in the complaint itself. Under either scenario, the appropriate procedural mechanism for bringing a case to closure when there is no evidence in the record that the plaintiff exhausted the administrative remedies available to him is a motion of summary judgment under Federal Rule of Civil Procedure 56, not a motion to dismiss under Rule 12."

Shane, 2008 WL 101739, at *7; accord Welzel v. United States, No. 06-cv-838, 2008 WL 3972043, at *1 (D.D.C. Aug. 27, 2008).

Therefore, the Court must deny the defendant's request to dismiss the plaintiffs' remaining §7433 claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state claims upon which relief may be granted.[3]

---

[3]  Nothing in this Court's decision prevents the defendant from renewing its exhaustion defense by filing a motion for summary judgment under Federal Rule of Civil Procedure 56.  The defendant makes a number of alternative arguments for dismissal that cannot be decided by the Court without further factual support, and summary judgment might be the appropriate procedural mechanism for addressing them.  However, dismissal is not.
   First, the defendant urges the Court to construe the plaintiffs' request for relief in the form of replevin as actually seeking a refund of federal taxes, and thus argues that the claim must be dismissed on jurisdictional grounds because the plaintiffs failed to file a claim for a refund before commencing this action, as required under 26 U.S.C. §7422. Def.'s Mem. at 2 n. 3.  26 U.S.C. §7422(a) (2006) provides that

> "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."

The plaintiffs counter that they are not seeking a refund of taxes.  Pls.' Resp. at 15.  Indeed, the plaintiffs contend "that defendant should be estopped from 'converting' the damages claim (clearly intended) into a refund claim (clearly unintended)." Id.
   The defendant argues in the alternative that this Court should treat the plaintiffs' action as a tort action and thus dismiss the complaint because the plaintiffs failed to file an administrative claim for damages with the relevant agency as required by  the Federal Tort Claims Act, 28 U.S.C. § 2680 (2006). Def.'s Mem. at 2-3 n. 3.  Although the plaintiffs do not directly reply to this challenge, it appears from the complaint that the plaintiffs do not seek to bring their claims under 28 U.S.C. § 2680, as suggested by the defendant.
   The Court cannot grant dismissal by construing the plaintiffs' complaint as seeking a refund of taxes or as a tort claim, as posited by the defendants, as the plaintiffs have asserted only a legal conclusion as the basis for their 26 U.S.C. § 7433 claims, and the Court is without the factual basis to conclude that the claims were incorrectly plead until additional facts are presented to it.  Therefore, this Court must deny without prejudice the defendant's motion to dismiss based on the plaintiffs' failure to claim a refund, or their failure to file an administrative tort claim with the relevant agency.

(continued…)

14

---

(…continued)

Second, the defendant argues that this Court lacks the power to grant the plaintiff injunctive relief because such relief is barred by the Anti-Injunction Act, 26 U.S.C. § 7421. Def.'s Mem. at 3 n. 4. The Anti-Injunction Act provides that "[e]xcept as provided in [the following] sections . . . no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). In response to the defendant's Anti-Injunction Act challenge, the plaintiffs argue that their "allegations [meet] at least 3 of the [exceptions provided by 26 U.S.C. § 7421(a),]" because the "defendant failed to provide [n]otice of [their alleged] [d]eficiency[;] failed to give notice of the last day for filing for redetermination of [the] deficiency[; and] failed to afford [the plaintiff] a meaningful Collection Due Process[.]" Pls.' Resp. at 15-17.

Although the plaintiffs make reference to these "three exceptions," they do not offer, in either their complaint or in their response to the defendant's motion to dismiss, any factual basis whatsoever to support their conclusory statements. See generally Compl. at 5-24; Pls.' Resp. at 1-16. The complete lack of any factual support would normally allow a Court to grant a motion to dismiss a plaintiff's request for injunctive relief; however, here this Court must take into consideration the plaintiffs' pro se status and, thus, it cannot construe the plaintiff's pleadings as strictly as it would construe "formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Moreover, Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires . . . [, that is, when] the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962). Therefore, in order to allow the plaintiffs the opportunity to carry their burden to establish whether their request for injunctive relief falls within any of the exceptions provided by 26 U.S.C. § 7421(a), this Court must deny without prejudice the defendant's argument that they are not entitled to such relief, and instead grant the plaintiffs leave to amend their complaint to include the factual details necessary to support their position that one or more of the exceptions apply.

The defendant further argues that this Court must dismiss the plaintiffs' request for declaratory relief because such relief is barred by the Declaratory Judgment Act, 28 U.S.C. § 2201 (2006). Def.'s Mem. at 2 n. 2. Although the plaintiffs never address this argument, their complaint never asserts a request for declaratory relief. Indeed, the language contained in the plaintiffs' complaint merely requests that this Court find that

> "[the] defendant . . . disregarded provisions of [Title 26 of the United States Code and, based] upon [that] determination[,] [issue an] order directing [the] defendant[] to pay damages[,] directing replevin of any and all property taken[,] directing such other further damages as the court deems just and proper[, and] enjoining [the] defendant . . . from further acting in disregard of law or regulation."

Compl. at 27-28. This Court has previously held that "[w]hile [the Declaratory Judgment Act] empowers a federal court '[i]n a case of actual controversy within its jurisdiction . . . [to] declare the rights and other legal relations of any interested party seeking such declaration,' . . . that section expressly excludes from its scope '[f]ederal taxes other than actions brought under section 7428 of the [IRC]." Welzel, 2008 WL 3972043, at *2.

Here, however, it would be improper to construe the complaint as seeking declaratory relief. A "district court [is required] to make findings of fact and to apply existing law to those facts." In re Caddo Parish-Villas South, Ltd., 174 F.3d 624, 628 (5th Cir. 1999). "[The Court] cannot grant any relief whatever except as it finds, and by finding 'declares,' that the plaintiff has those rights on which the remedy must be based[.]" Corcoran v. Royal Dev. Co., 121 F.2d 957, 959 (2d Cir. 1941). To a certain extent, then, all judgments are declaratory in nature, "but it is absurd to speak of a judgment as 'declaratory' in so far as it 'declares' no more than is necessary to sustain the immediate relief prayed, for in that sense every action is for a 'declaratory judgment.'" Id. And, as a consequence, the Court must deny the defendant's motion to dismiss the plaintiff's request for declaratory relief because it does not find that the plaintiffs are specifically seeking such relief.

15

**(3) The Lack of Personal Jurisdiction Due to Improper Service Challenge**

The defendant argues that this Court lacks personal jurisdiction because the plaintiffs did not properly serve the defendant. Def.'s Reply at 5-7. The defendant contends that plaintiff Lester R. Ramer attempted to personally serve the defendant by registered mail and because a party cannot effect service, the defendant was not properly served under the Federal Rules of Civil Procedure. Def.'s Reply at 5-7; see Fed. R. Civ. P. 4(c)(2). The plaintiffs respond correctly that the defendant did not raise this issue in its motion to dismiss, instead waiting until its reply filing, and thus the Court should not dismiss the plaintiffs' complaint on the grounds that they allegedly failed to effect proper service. Pls.' Sur-Reply at 3. The Federal Rules of Civil Procedure provide that a party waives the defense of insufficient service of process if it was available to that party but was not raised in an earlier motion under Rule 12. Fed. R. Civ. P. 12(h)(1)(A); see Chase v. Pan-Pac. Broad., Inc., 750 F.2d 131, 134 (D.C. Cir. 1984) ("The office of Rule 12(h)(1) is to assure that a defense of lack of jurisdiction over the person is asserted promptly. It provides that the defense is waived if it is neither made by pre-answer motion nor included in the answer or an amendment thereto made within twenty days of the answer's service."); Majhor v. Kempthorne, 518 F. Supp. 2d 221, 237-238 (D.D.C. 2007) (citations omitted) (stating that Federal Rule of Civil Procedure 12(h)(1) "requir[es] that defendants raise [the] defense[] of, inter alia, . . . insufficient service of process, 'by motion' under Rule 12 or 'in a responsive pleading'" and that "[the] party making [a] motion under Rule 12 that 'omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion . . . shall not thereafter make a motion based on the defense or objection so omitted'"). Here, the defendant did not raise the defense of insufficient service of process in its motion to dismiss but waited to raise the issue for the first time in its reply. See Def.'s Reply at 5-7; Def.'s

16

Mem. Therefore, this Court must deny the defendant's motion to dismiss for lack of personal jurisdiction because the defendant has waived its right to move to dismiss the complaint on such grounds. Fed. R. Civ. P. 12(h)(1)(A); see Chase, 750 F.2d at 134 (citations omitted) (noting that when a "defendant raise[s] personal jurisdiction . . . too late in the day . . .[,] for that sole reason . . . it [is] fair to preclude him from pursuing the jurisdictional objection" to the complaint); Fed. R. Civ. P. 12 advisory committee's notes ("Amended subdivision (h)(1)(A) eliminates the ambiguity and states that certain specified defenses [, including lack of personal jurisdiction and improper service,] which were available to a party when he made a preanswer motion, but which he omitted from the motion, are waived."); see also McBride v. Merrel Dow Pharms., 800 F.2d 1208, 1211 (D.C. Cir. 1986) (citations omitted) ("We generally will not entertain arguments omitted from an appellant's opening brief and raised initially in his reply brief."); Jones v. Mukasey, 565 F. Supp. 2d 68, 81 (D.D.C. 2008) (citations omitted) ("As the D.C. Circuit has consistently held, the Court should not address arguments raised for the first time in a party's reply.").

### (4) The Plaintiffs' Request for Leave to Amend their Complaint

> "[T]he grant or denial of an opportunity to amend [the complaint] is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."

Foman, 371 U.S. at 182. Moreover, as previously stated, the Supreme Court has held that "[i]n the absence of apparent or declared reason," a district court shall grant a plaintiff leave to amend a complaint when "justice so requires." Id.. at 182. Considering the pro se status of the plaintiffs and the need for the Court to properly determine the legal and factual soundness of the plaintiffs' complaint, the Court must grant the plaintiffs leave to

amend their complaint to the extent necessary to provide factual support for the claims they are advancing and the relief being requested.

### IV. CONCLUSION

For the reasons set forth above, the Court will: (1) grant the defendant's motion to dismiss with regard to counts 1 through 12, 16 through 21, and 28 through 30 of the complaint; (2) deny the defendant's motion to dismiss based on its subject-matter jurisdiction and failure to state a claim challenges as to counts 13 through 15, and 22 through 27 of the complaint; (3) deny without prejudice the defendant's motion to dismiss under the Declaratory Judgment Act those counts of the complaint not dismissed on other grounds; (4) deny the defendant's motion to dismiss for lack of personal jurisdiction as to those counts of the complaint that have survived the defendant's motion to dismiss; and (5) grant the plaintiffs leave to amend their complaint to the extent necessary to provide a factual basis for the surviving counts of the complaint and the exceptions to the Anti-Injunction Act asserted by the plaintiffs.

**SO ORDERED** this 2nd day of June, 2009.[4]

_____/s/_____
REGGIE B. WALTON
United States District Judge

---

[4] An Order consistent with the Court's ruling is being issued contemporaneously with this Memorandum Opinion.